

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN

ATTORNEY GENERAL

Honorable B. F. Howell
County Auditor
Upton County
Rankin, Texas

Dear Sir:

Opinion No. 0-2267
Re: Can the Commissioners' Court
determine and pay the County Judge
compensation for his services as
county school superintendent out
of the general fund or any other
county fund?

Your request for an opinion upon the above question has been received
and considered by this department. We quote as follows from your letter:

"We find it necessary to get your opinion to clearify the
salary payment of an ex officio County Superintendent's
Salary, or rather where the County Judge of a county
that does not have a superintendent of public
instruction acts in that capacity.

"Upton County, Texas is under 6000 population and does
not have a common school district in the County. The
County Tax Collector does not collect any school taxes
whatever. We have two Independent School Districts in
this County and each of them are independent of the
County altogether; each has its own assessor and
collector of taxes; and each conducts its own affairs as
its board of trustees see fit, we have no other schools.

"Article No. 3888 as amended by Acts 1933, 44th Legislature,
2nd C. S., p. 1732, ch.447. Par. 2., provides that where the
county judge acts as superintendent of public instruction,
he shall receive for such services $900.00 a year as the
County Board of Trustees of the respective counties may
provide. The amount shall be paid in manner specified in
Chapter 49, Acts of the Forty first legislature, Fourth
Called Session (Art. 2700d-1), and in Chapter 175, Acts
of the Forth-second Legislature, Regular Session (Art
2827a) We do not have a County Board of Trustees in this
county.

"In our case as above set forth can the commissioners Court pay the salary of $900.00 where the judge acts as Superintendent of Public Instruction ( the County not having a Superintendent) out of the general fund of Upton County or any other fund of this county, and do they have power to so act in setting such salary."

Article 3888, Revised Civil Statutes, 1925, as amended, provides that:

"In a county where the county judge acts as superintendent of public instruction, he shall receive for such services such salary not to exceed nine hundred dollars a year as the County Board of School Trustees of the respective counties may provide. The amount shall be paid in the manner specified in Chapter 49, Acts of the Forty-first Legislature, Fourth Called Session (Art. 2700d-1), and in Chapter 175, Acts of the Forty-second Legislature, Regular Session (Art. 2827a). (As amended Acts 1935, 44th Leg., 2nd C. S., p. 1732, ch. 447, 2)."

Section 1 of Article 2700d-1, Vernon's Annotated Civil Statutes, provides:

"That from and after August 31, 1930, the salary and office expenses of the county superintendent of public instruction and such assistants as he may have shall be paid out of the school funds of the common and independent school districts of the county." (underscoring ours).

Thus, we find that the two statutory provisions set out above, provide, in plain and unambiguous terms, who shall determine the amount of the county judge's compensation where he acts as county school superintendent and from what county fund that compensation shall be drawn.

It is elementary that the Commissioners' Court of a county is a court of limited jurisdiction with only those powers and duties prescribed by the Constitution and laws of this State. See El Paso v. Elam, 106 S. W. (2d) 393.

It is observed that there is no reference, express or implied, to the Commissioners' Court in either of the statutory provisions cited supra.

Further, we find the applicable rule of construction to be, that, where a statute prescribes that mode or method of accomplishing a certain thing then all other means are impliedly forbidden. Etter v. Ry. Co., 2 Willson, Section 58.

Accordingly, we find, and you are advised, that the Commissioners' Court of Upton County, under the facts submitted, may not compensate the county  judge for services rendered as county superintendent out of the general fund or any other fund except that one referred to in Article 2700d-1, supra.  Furthermore, the court has no authority to determine in the first instance, the amount to be paid the county judge.

Trusting that this satisfactorily answers your question, we remain.

                                        Very truly yours

                              ATTORNEY GENERAL OF TEXAS

                              s/ Wm. J. Fanning


                              By
                                  Wm. J. Fanning
                                      Assistant


                              s/  Grundy Williams


                              By
                                  Grundy Williams
                                      Assistant

GW:rs/ ldw

APPROVED MAY 15, 1940
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY R. W. F.
CHAIRMAN